UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ALAN G. STEVENS, Individually and on Behalf of All Others Similarly Situated, | : : : : | Civil Action No. 1:10-cv-04481-SHS |
| Plaintiff, | : : | <u>CLASS ACTION</u> |
| vs. | : : : | PLAINTIFF'S OPPOSITION TO SEMBCORP UTILITIES PTE LTD.'S CROSS-MOTION FOR AN AWARD OF |
| SEMBCORP UTILITIES PTE LTD., | : : | ATTORNEYS' FEES AND EXPENSES |
| Defendants. | : : : | |

591015_1

Defendant Sembcorp Utilities PTE LTD ("Sembcorp") presents the Court with absolutely no reason to grant its cross-motion for attorney fees under Rule 11 for its counsel's work with respect to filing a motion to dismiss plaintiff's amended complaint. First, Sembcorp does not assert, nor could it, that plaintiff's original complaint was so lacking in merit that it could not meet Rule 11 standards. Indeed, Sembcorp altered its behavior in response to the pleading, a fact that undermines any claim of non-meritoriousness. Sembcorp claims that the amended complaint was essentially the same as the initial complaint. Unassailable logic therefore dictates that the amended complaint was as meritorious as the initial complaint, precluding any finding that the amended complaint did not meet Rule 11 standards.

Second, there is no merit to Sembcorp's claim that it was somehow prejudiced because it felt the need to move to dismiss plaintiff's amended complaint. If, as Semcorp suggests, the amended complaint contained nothing new of substance, it took defendant no real additional effort to conform its motion to dismiss the original complaint to a motion to dismiss the amended complaint. Thus, there is no basis for any claim that Sembcorp's counsel somehow accrued $42,000 in fees and worked 75 hours on the exact same motion they had already filed. Charging the client for unnecessary duplicative work is bad enough. Asking the Court to sanction such conduct and award fees for it is even worse.

Third, attorneys' fees under Rule 11 should only be imposed in egregious situations, with great caution and restraint. *Kiobel v. Millson*, 592 F.3d 78, 83 (2d Cir. 2010); *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 387 (2d Cir. 2003) (the court must "ensure that any sanctions decision is made with restraint"). "'A distinction must be drawn between a position which is merely losing, and one which is both losing and sanctionable.'" *Salovaara v. Eckert*, 222 F.3d 19, 34 (2d

- 1 -

591015_1

Cir. 2000).[1]  Here, plaintiff's allegations in the amended complaint "'were not so untenable as a matter of law as to necessitate sanction'" and were dismissed only after counsel assessed the risks and benefits of proceeding with the litigation.  *Id*.

Fourth, as a predicate to an award of sanctions, the Court will need to conclude that plaintiff's allegations were "utterly lacking in support" and the amended complaint was a "substantial" failure to comply with Rule 11.  *See Kiobel*, 592 F.3d at 81; 15 U.S.C. §77z-1(c)(3)(A)(ii).  The court must also determine whether "the violation of [Rule 11(b)] was de minimis" and whether the sanctions "will impose an unreasonable burden on that party or attorney and would be unjust, and the failure to make such an award would not impose a greater burden on the party in whose favor sanctions are to be imposed."  15 U.S.C. §77z-1(c)(3)(B)(i).  Since there is no evidence in the record to enable the Court to make a factual finding regarding the seriousness of any violation or the burden on the parties, at the very least, this issue is a matter for briefing and, most likely, discovery, before it is ready for determination.

Indeed, plaintiff notes that Sembcorp did not request leave of Court to file any motion for attorneys' fees, nor did the Court's Order of September 23, 2010 contemplate any motion practice other than plaintiff's motion for an award of attorneys' fees.  Plaintiff respectfully submits that, to the extent the Court does entertain any such motion, the Court should only do so after plaintiff has a full and fair opportunity to respond and the Court has the necessary evidentiary record to make a Rule 11 determination.

---

[1]   Unless otherwise noted, all emphasis is added, and citations and footnotes are omitted.

For the foregoing reasons, Sembcorp's cross-motion for attorney's fees should be denied.

DATED:  December 23, 2010            Respectfully submitted,

ROBBINS GELLER RUDMAN & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARK S. REICH

                    s/ Mark S. Reich
                    MARK S. REICH

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com
mreich@rgrdlaw.com

ROBBINS GELLER RUDMAN & DOWD LLP
DARREN J. ROBBINS
RANDALL J. BARON
A. RICK ATWOOD, JR.
DAVID T. WISSBROECKER
EUN JIN LEE
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
randyb@rgrdlaw.com
ricka@rgrdlaw.com
dwissbroecker@rgrdlaw.com
elee@rgrdlaw.com

LAW OFFICES OF CURTIS V. TRINKO, LLP
CURTIS V. TRINKO
16 West 46th Street, 7th Floor
New York, NY  10036
Telephone:  212/490-9550
212/986-0158 (fax)

Attorneys for Plaintiff

- 3 -

CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2010, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on December 23, 2010.

                                      s/ Mark S. Reich
                                      MARK S. REICH

                                      ROBBINS GELLER RUDMAN
                                         & DOWD LLP
                                      655 West Broadway, Suite 1900
                                      San Diego, CA  92101-3301
                                      Telephone:  619/231-1058
                                      619/231-7423 (fax)

                                      E-mail:  mreich@rgrdlaw.com

# Mailing Information for a Case 1:10-cv-04481-SHS

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Anthony Mathias Candido**
  anthony.candido@cliffordchance.com,trish.keats@cliffordchance.com,MCO@cliffordchance.com

- **Laura Jane McLaren**
  laura.mclaren@cliffordchance.com

- **Mark Samuel Reich**
  mreich@rgrdlaw.com,e_file_ny@rgrdlaw.com

- **Darren J. Robbins**
  e_file_sd@lerachlaw.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com

- **Curtis Victor Trinko**
  ctrinko@trinko.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
A. Rick Atwood                                                    , Jr
Robbins Geller Rudman & Dowd LLP (San Diego)
655 West Broadway
Suite 1900
San Diego, CA 92101

Randall J. Baron
Robbins Geller Rudman & Dowd LLP
655 West Broadway
Suite 1900
San Diego, CA 92101

Brian Hoffmann
Clifford Chance US, LLP (NYC)
31 West 52nd Street
New York, NY 10019

Eun Jin Lee
Robbins Geller Rudman & Dowd LLP (San Diego)
655 West Broadway
Suite 1900
San Diego, CA 92101
```

**William Earl Wallace**, **III**
Clifford Chance Us LLP
2001 K St., Nw
Washington, DC 20006

**David T. Wissbroecker**
Robbins Geller Rudman & Dowd LLP (San Diego)
655 West Broadway
Suite 1900
San Diego, CA 92101